UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHRISTOPHER GEORGE SANDERS          CIVIL ACTION NO. 07-cv-0971

VERSUS                              JUDGE STAGG

POLICE DEPT. TOWN OF VIVIAN,        MAGISTRATE JUDGE HORNSBY
ET AL

**REPORT AND RECOMMENDATION**

Christopher George Sanders ("Plaintiff") filed this pro se civil rights complaint against the Town of Vivian Police Department, Chief of Police Sam Curry, two policemen, and the Caddo Parish Commission. Plaintiff alleged in his original and amended complaints that the defendants violated his civil rights in connection with his arrest and detention at the Caddo Correctional Center. He alleges, for example, that he did not have a court hearing within 72 hours of arrest and that he was not allowed to make a phone call until three days after the arrest.

The court ordered that the Marshal serve the defendants with the complaints, and deadlines were set for discovery and motion practice. Doc. 8. Plaintiff was still in jail when he filed his complaint, but he soon filed a notice of change of address, which indicated that he had been released and was living at a private address. Doc. 9.

Several weeks later, the Caddo Parish Commission filed a motion to dismiss. The motion was noticed for briefing, but Plaintiff did not file any response, and the motion was granted as to the Commission. The court later noted that the time for the filing of a motion

for summary judgment or statement of issues had passed without action by any party. The parties were granted until March 25, 2008 to file a motion for summary judgment or a statement of issues. Doc. 23. Defendants requested extensions of the deadline, and it was eventually extended to July 25, 2008. No party filed anything by that deadline.

The court issued another order (Doc. 29) that set a deadline of March 27, 2009 for Plaintiff to file a pretrial statement, which was to include a list of exhibits and a witness list, along with a brief summary of the anticipated testimony of each witness. Defendants were given an April 10, 2009 deadline to file their own pretrial statement. The order warned: "Failure to file a pretrial statement may result in dismissal, default, or other appropriate sanction."

Plaintiff's March 27, 2009 deadline passed, and he did not file anything. In fact, there has been nothing filed in this case by Plaintiff since he informed the clerk of his change of address in September of 2007. Defendants filed a pretrial statement by their deadline, and they noted that they had not received a pretrial statement from Plaintiff.

Plaintiff has been permitted ample opportunity to file a pretrial statement, which is a quite simple step, but he has failed to do so. Plaintiff has also not demonstrated any willingness to continue the prosecution of this suit. It is unlikely that a plaintiff who is unwilling to take the simple step of filing a pretrial statement that lists his witnesses and exhibits is interested enough in his case to comply with the other more serious requirements of litigation. Proceeding further with this action would be a waste of time and resources for

both the court and Defendants, and it is impossible to do so without the participation of Plaintiff. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of April, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE